UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SABRINA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-00346 |
| ) | REEVES/GUYTON |
| UNION COUNTY JAIL and ) | |
| MICHELLE BERNADETTE[1], ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's *pro se* complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 1], motion for leave to proceed *in forma pauperis* [Doc. 2], and motion to appoint counsel [Doc. 3]. For the reasons discussed below, Plaintiff's request to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**. However, Plaintiff's motion to appoint counsel [Doc. 3] will be **DENIED** and her complaint [Doc. 1] will be **DISMISSED** *sua sponte*.

**I.    FILING FEE**

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of their inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). Plaintiff submitted a fully compliant application to proceed *in forma pauperis* on August 10, 2017 [Doc. 2], and it appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, Plaintiff's

---

[1] The Court has corrected the spelling of the Defendant's name, which the Plaintiff misspelled as "Bernatette" on the first page of her complaint. Accordingly, the Clerk is **DIRECTED** to correct her name in the Court file.

motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the Complaint was received.

Because Plaintiff is currently confined at the Tennessee Prison for Women, she is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the institution where she now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum to the Tennessee Prison for Women to ensure that the custodian of Plaintiff's trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is **DIRECTED** to forward a copy of this Memorandum to the Court's financial deputy.

## II. BACKGROUND

Plaintiff, currently in custody at the Tennessee Prison for Women, filed this complaint on August 10, 2017, against Defendants Michelle Bernadette and the Union County Jail [Doc. 1 p. 1]. Plaintiff brings this complaint after alleged constitutional violations from her previous confinement at the Union County Jail. Plaintiff alleges that on March 16, 2017, Defendant Bernadette and other correctional officers at the Union County Jail filmed inmates having a "lynching party," where the inmates wrapped a fellow inmate up in a blanket, while wearing white sheets, and pretended to tie a noose around the blanket and hang the inmate [*Id.* at 5]. Then,

Plaintiff claims that on April 29, 2017, Defendant Bernadette showed her the video while singing a "racial song" [*Id.*]. Although Plaintiff wrote grievances and requested to be moved, a Union County Jail official, Heather Ragon, told Plaintiff that if she "said anything else about the drama that was going on[,] she would tell Jessie Ellis to take my behavior and program sentence credits" [*Id.*]. Plaintiff requests for the officers and administration at the Union County Jail "to be fully trained in the prevention and reporting of discrimination due to race," restitution for her pain and suffering, and "[t]o be awarded all sentence reduction credits including two-for-one credits" for her time served [*Id.*].

## III. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### B. Proper Defendants

Plaintiff has named the Union County Jail as a Defendant. However, the Union County Jail is a building which serves as a place of confinement for those in custody, and it is not a suable entity pursuant to 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689–90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Moreover, even if the Court liberally construes Plaintiff's complaint as attempting to assert claims against Union County, Plaintiff has set forth no facts from which the Court could plausibly infer that any custom or policy of the municipality caused any alleged violations of Plaintiff's constitutional rights. To succeed on a § 1983 claim against a municipal entity, such as Union County, Plaintiff must establish that: (1) her harm was caused by a constitutional violation; and (2) the municipality itself was responsible for that violation, generally because of a policy, custom, pattern or practice of the municipal defendant that caused the Plaintiff's constitutional injury. *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009); *see also Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). Although Plaintiff alleges constitutional violations from her confinement in the Union County Jail, she has not alleged facts that indicate an established "policy" or "custom" of Union County that caused her constitutional injury. *Spears*, 589 F.3d at 256; *see Monell*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Thus, as the Union County Jail is not an entity subject to suit under § 1983, Plaintiff fails to state a claim for relief under § 1983 against this Defendant.

### C. Racial Harassment Claims

Plaintiff alleges that Defendant Bernadette allowed inmates at the Sevier County Jail to engage in racially insensitive behavior, and then used derogatory language while showing Plaintiff a video of the event. The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishments." U.S. Const. amend. VIII. However, Plaintiff does not state an actionable claim against Defendant Bernadette based on her use of racial slurs. *Ivey v. Wilson*,

832 F.2d 950, 955 (6th Cir. 1987) (noting that allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment). Although such alleged treatment and language is "reprehensible and very unprofessional, under our current law, this isolated incident of the use of a racial epithet and accompanying antics are not constitutional violations." *See Harlan v. Holland*, No. 1:13–CV–263, 2013 WL 6668734, at *4 (E.D. Tenn. Dec. 18, 2013) (holding a correctional officer's use of a racial slur while making derogatory language relating to slavery did not violate the Eighth or Fourteenth Amendments).

As explained by the Sixth Circuit, "harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). Although the alleged actions and comments of Defendant Bernadette may be condemned as racially disparaging and thus, deplorable, they are not unconstitutional, as "[t]he occasional use of racial slurs, although unprofessional and reprehensible, does not rise to the level of constitutional magnitude." *Jones Bey v. Johnson*, 248 F. App'x 675, 678 (6th Cir. 2007) (citation and internal quotations omitted). Additionally, Plaintiff has not alleged a physical injury in connection with an Eighth Amendment violation and, absent such a contention, she cannot recover monetary damages for the pain and suffering she claims to have suffered. *See* 42 U.S.C. § 1997e(e) (requiring that a prisoner show prior physical injury to advance claim for mental or emotional damages). Furthermore, solely race-based derogatory comments do not violate the Fourteenth Amendment. *King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. Dec. 4, 2003) (observing that "[t]he use of a racial epithet by itself is not an actionable violation of the Equal Protection Clause") (Moore, J. concurring in part and dissenting in part). Plaintiff's allegations

that Defendant Bernadette used derogatory racial language therefore fail to state a claim under § 1983.

However, the "[u]se of insulting racial epithets accompanied by 'harassment or a violation of established rights may amount to a separate equal protection claim.'" *Harlan*, 2013 WL 6668734, at *4 (quoting *Williams v. Kaufman Cty.*, 352 F.3d 994, 1013 (5th Cir. 2003)); *see, e.g.*, *Taylor v. City of Falmouth*, 187 F. App'x 596, 601 (6th Cir. 2006) ("[A]n officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation.").

Plaintiff has also claimed that a Union County Jail official, Heather Ragon, threatened to take away sentence credits if Plaintiff continued to file grievances regarding Defendant Bernadette's conduct. Prisoners retain their First Amendment rights "not incompatible with their status as prisoners, 'or with the legitimate penological objectives of the corrections system.'" *Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009) (citing *Pell v. Procunier*, 417 U.S. 817, 832 (1974)). One of the rights retained by inmates is the First Amendment right to file grievances against prison officials without retaliation for supposed misconduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). "[A]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Bloch v. Ribar*, 156 F.3d 673, 681–82 (6th Cir. 1998) (citation omitted).

A prisoner states a retaliation claim if she pleads and proves that: (1) she engaged in protected conduct, (2) an adverse action was taken against her which would deter a person of ordinary firmness from continuing to engage in such conduct, and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

7

"Even the threat of an adverse action can satisfy [the adverse action] element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citing *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009)); *see also Reynolds–Bey v. Harris–Spicer,* 428 F. App'x 493, 503 (6th Cir. 2011) (stating that adverse actions include "threatening to impose disciplinary sanctions, issuing major misconduct reports that could result in loss of disciplinary credits, and threatening the use of physical force").

While Plaintiff was engaged in protected conduct by filing a grievance, Plaintiff has failed to state a claim of retaliation under the First Amendment. Plaintiff does not allege that the Defendants took or threatened any adverse action against her, whether it be the loss of sentence credits or some other harm, because she engaged in conduct that is protected by the First Amendment. A defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983. *Polk Cty v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.5 (6th Cir. 2005). Plaintiff does not allege that Defendant Bernadette threatened her over the filing of constitutionally protected grievances. *See Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996) (instructing courts not to suppose a plaintiff would be able to show facts not alleged or that a defendant has violated the law in ways not alleged). Generous construction of *pro se* complaints is not limitless; indeed, a court need not assume or conjure up claims that a *pro se* litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 against the respective Defendants.

Plaintiff's requests for injunctive relief also fail to state a claim for relief under § 1983. A prisoner's claims for declaratory or injunctive relief become moot once the prisoner is no longer located at the facility in question. *See, e.g.*, *Dellis v. Cor. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)); *Miller v. Ghee*, 22 F. App'x 388, 389 (6th Cir. 2001). Plaintiff's complaint states that she is currently confined at the Tennessee Prison for Women, not the Union County Jail. As Plaintiff is no longer incarcerated at the Union County Jail, her claims for injunctive relief at that facility are now moot.

### D. Motion to Appoint Counsel

On August 10, 2017, Plaintiff filed a motion to appoint counsel [Doc. 3]. The appointment of counsel in a civil proceeding is not a constitutional right, but rather a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). The decision to appoint counsel in a civil case is a matter within the discretion of the Court. *See Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987). In her complaint, Plaintiff asserts that the Defendants engaged in racially derogatory behavior [Doc. 1]. After careful consideration of Plaintiff's motion, including the type and nature of the case, its complexity, and Plaintiff's ability to prosecute her claim, this Court is of the opinion that counsel is not necessary at this time to ensure Plaintiff's claims are fairly heard. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Accordingly, Plaintiff's motion for appointment of counsel [Doc. 3] will be **DENIED**.

### IV. CONCLUSION

Based on the above, Plaintiff's application to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**. Nonetheless, Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350), and shall follow the procedures as outlined in this Memorandum and Order.

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds her claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's request to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**. Her complaint [Doc. 1] and request for counsel [Doc. 3] will be **DENIED**; the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim under 42 U.S.C. § 1983.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**